**D. C. LAND & BLDG. CO., Inc., v. McINERNEY et al.**

**No. 5622.**

Court of Appeals of the District of Columbia.

Argued Feb. 10, 1933.

Decided March 27, 1933.

F. Regis Noel, of Washington, D. C., for appellant.

Benjamin S. Minor, Maurice D. Rosenberg, and W. C. Sullivan, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment of the lower court sustaining demurrers filed to the amended declaration by the several appellees, also motions to strike filed simultaneously therewith, and dismissing the case.

The facts set out in the declaration are briefly as follows: The appellant corporation was the owner of certain real estate situate in the District of Columbia of the fair market value of $80,000, encumbered by a certain deed of trust, appellant's equity therein being of the value of $50,000 at the time in question. At the same time the appellees John J. McInerney and Harry M. Bralove were the owners of an apartment house located in the District of Columbia, subject to a first deed of trust dated March 1, 1926, executed to Harry L. Rust and George Calvert Bowie, trustees, to secure notes for $85,000 due to the H. L. Rust Company. On February 10, 1927, the appellant entered into a contract with McInerney and Bralove whereby appellant exchanged its equity in the property held by it for the apartment house subject to the deed of trust for $85,000, which appellant agreed to assume and pay. The H. L. Rust Company, of which Harry L. Rust, Sr., and George Calvert Bowie were officials, was prior to and after the execution of the contract the rental agent for the apartment house. On March 1, 1927, deeds of conveyance were executed and delivered between the parties in performance of the contract. Appellant thereby assumed to pay the first trust of $85,000 upon the apartment house, and at the same time executed a second deed of trust thereon to secure its promissory notes in the sum of $21,250 to William Bralove and Martin McInerney, as trustees. On March 20, 1931, the trustees, Bralove and McInerney, at the request of the Federal Security & Mortgage Company, the holder of the notes secured by the second deed of trust, sold the apartment house under the deed of trust at public auction for the sum of $5,000, subject to the first deed of trust. The purchaser at the sale was acting as the agent of the Federal Security & Mortgage Company.

In its declaration the appellant alleges that appellees, to wit, John J. McInerney and Harry M. Bralove, Harry L. Rust, Sr., and George Calvert Bowie, trustees, H. L. Rust Company, William M. Bralove, Martin McInerney, trustees, and Federal Security & Mortgage Company, had combined and conspired in the transactions aforesaid to cheat and defraud appellant and had in fact succeeded in this attempt, and that the appellant had suffered damage to the extent of $100,000, for which it prayed judgment.

The specific allegations of fraud contained in the declaration are in substance as follows: That the deed of trust for $85,000 upon the apartment house was taken and recorded by the H. L. Rust Company, a reputable and conservative lending firm, and contained no reference to any other security held by

the company as security for the loan, whereas in fact the loan was secured also by a personal collateral guaranty of the appellee Harry M. Bralove, who was a person of large means and good financial credit.

The existence of the guaranty was unknown to appellant at the time of the transaction, and appellant accordingly believed that the loan of $85,000 had been made upon the security of the property alone. That the brokers, namely, Edmonston and Costello, who represented McInerney and Bralove in the negotiations for the exchange of the properties, represented to appellant that the fact that the H. L. Rust Company had loaned $85,000 upon the property was proof that the property possessed an actual value of twice that amount. That appellant was thereby deceived and led to believe that the H. L. Rust Company had in fact loaned $85,000 as a first mortgage upon the property without other security, thus indicating according to general custom that the property was actually worth twice the amount of such loan, to wit, $170,000. As an additional charge of fraud the appellant alleged that the appellees made false and inaccurate representations to appellant concerning the number of rooms in the apartment house which were then rented and occupied, and that appellant was thereby deceived concerning the income which might be expected from the property. It is also alleged in the declaration that at the sale of the property made at public auction under the second deed of trust for $5,000, the appellees caused the auctioneer "to announce terms of sale and adjustments of said first trust in such a way that prospective, independent, and disinterested parties gathered at said auction were confused, discouraged, and prevented from bidding."

It is clear that the allegations set out in the declaration as aforesaid are not sufficient to charge fraud against the appellees. The fact that the first trust deed upon the property, as recorded, did not set out the fact that the indebtedness thereby secured was also secured by the personal guaranty of another person, does not constitute fraud upon the part of any of the appellees. If appellant relied upon the amount secured by the trust deed as evidence of the value of the property upon which it was placed, it did so at its peril. Such a record does not amount to a representation by the grantee as to the market value of the property conveyed by the trust deed. If, as alleged, the brokers used such an argument in inducing the appellant to make the trade, it was no more than mere puffing for which appellees were not responsible. The allegations concerning deception practiced upon appellant in relation to the number of apartments then rented and in occupancy in the apartment house are not sufficient to charge the appellees with fraud. All such facts were open to investigation by appellant and furthermore the charges are so indefinite as to lack substance.

In our opinion, therefore, the judgment of the lower court should be and it is affirmed with costs.